Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE

**2019 CO 32**

**No. 18SA110,** *Sheek v. Brooks*—**Ditch Easement**—**Sufficiency of Resume Notice**—
**Water Court Subject-Matter Jurisdiction.**

The supreme court upholds the water court's entry of summary judgment
affirming the validity of a change of water right, determining that the resume notice was
sufficient to alert interested parties to the nature, scope and impact of the proposed
change despite an initial error in the location description for an impacted headgate. The
supreme court affirms the dismissal on other grounds, however, because all ancillary
claims should have been dismissed for lack of subject-matter jurisdiction after the notice
was deemed sufficient.

**The Supreme Court of the State of Colorado**
2 East 14th Avenue • Denver, Colorado 80203

---

**2019 CO 32**

---

**Supreme Court Case No. 18SA110**
*Appeal from the District Court*
La Plata County District Court, Water Division No. 7 Case No. 16CW3008
Honorable Jeffrey R. Wilson, Water Judge

---

**Plaintiffs-Appellants:**

Gary Sheek, Sheek Family Limited Partnership, and Pamsey I. Sheek

v.

**Defendants-Appellees:**

Roger Brooks, Veryl Goodnight, Ida May Smith, and The James Fenberg Revocable Trust.

---

**Judgment Affirmed**
*en banc*
May 6, 2019

---

**Attorneys for Plaintiffs-Appellants:**
Colorado Water & Land Law, LLC
Amy N. Huff
　　*Durango, Colorado*

**Attorneys for Defendants-Appellees Roger Brooks and Veryl Goodnight:**
Russell & Pieterse, LLC
Jennifer Russell
　　*Telluride, Colorado*

Kelly R. McCabe, P.C.
Kelly R. McCabe
Keenen D. Lovett
　　*Cortez, Colorado*

No appearance on behalf of Ida May Smith or The James Fenburg Revocable Trust.

**JUSTICE HART** delivered the Opinion of the Court.

¶1 In 2008, defendant-appellees Roger Brooks and Veryl Goodnight (together "Brooks") filed an application in the water court to change the point of diversion of their water right from the Giles Ditch to the Davenport Ditch. The application and the required notice published in the local newspaper misidentified the section and range in which the Davenport Ditch headgate is located. Both, however, referred repeatedly to the Davenport Ditch. Brooks successfully moved to amend the application with the correct section and range shortly afterward. The water court, finding that "no person [would] be injured by the amendment," concluded that republication of the notice was unnecessary.

¶2 Eight years later, plaintiff-appellant Gary Sheek filed this action in the water court, seeking judgment on five claims for relief: (1) declaratory judgment that Brooks's decree was void for insufficient notice; (2) quiet title to a prescriptive access easement for the Davenport Ditch, including ancillary access rights; (3) trespass; (4) theft and interference with a water right; and (5) a permanent injunction prohibiting Brooks from continued use of the Davenport Ditch. After concluding that sufficient notice was provided, the water court granted Brooks's motion for summary judgment and deemed the trespass and injunction claims moot in light of that ruling. The court then dismissed the prescriptive easement claim as well as the theft and interference claim for lack of subject-matter jurisdiction.

¶3 We agree with the water court's conclusion that the published notice was sufficient. As a result, all of the remaining claims should have been dismissed for lack of subject-matter jurisdiction. In other words, the water court should not have held that the

3

trespass and injunction claims were moot because it lacked jurisdiction over those claims. We therefore affirm the judgment of the water court, but on other grounds.

## I. Facts and Procedural History

¶4    In October 2008, Brooks filed an application for a change of water right, proposing a change in the point of diversion from the Giles Ditch to the headgate of the Davenport Ditch. The resume notice of this application was published on October 17 in the *Dolores Star*, then a weekly newspaper in Montezuma County, in accordance with section 37-92-302(3), C.R.S. (2018).

¶5    The resume notice stated that Brooks was unable to use his water right because his property was located above the Giles Ditch headgate. Brooks could use his water right, however, if it was diverted from the lateral of the Davenport Ditch that runs through the Brooks property. The resume notice continued: "[a]pplicant proposes changing the point of diversion for their Giles Ditch water right to the headgate of the Davenport Ditch." The resume notice stated that the headgate was located in the NE ¼ of the SE ¼ of Section 13, Township 36N, Range 13W. In total, the published resume notice included the words "Davenport Ditch" five times, once in bold typeface. As required by law, Brooks mailed notice to the owner of the real property underlying the headgate, the James Fenberg Revocable Trust.

¶6    Four months later, after the water commissioner requested a map of the property to be irrigated as well as revised coordinates to the Davenport Ditch headgate, Brooks realized that the resume notice had incorrectly stated the headgate's section and range. Brooks filed a motion to amend the application for change of water right, as the correct

4

location is the NW ¼ of the SW ¼ of Section 18, Township 36N, Range 12W. The motion to amend pointed out that the original application listed the headgate's location as on the east section line of Section 13, Range 13W, which is the same as the west section line of Section 18, Range 12W. Thus, while these amendments changed the section and range in the location description, the change amounted to a difference of only 100 feet.

¶7 The water court granted the motion to amend. Because the court found that "no person [would] be injured by the amendment," it held that the "applicants [were] not required to republish the amended application."

¶8 Eight years later, Gary Sheek, the Sheek Family Limited Partnership, and Pamsey I. Sheek (together "Sheek") filed a complaint in the water court. Although Sheek acknowledges in the amended complaint that the recorded interest in the real property underlying the Davenport Ditch headgate belongs to the James Fenberg Revocable Trust, he asserts sole ownership of the Davenport Ditch water rights. Sheek claims to have "exclusively operated, maintained, and repaired the headgate and the ditch that carries the Davenport Ditch water rights to their place of use."

¶9 Sheek's complaint presented five claims for relief based on Brooks's change of water right. The first claim sought a declaratory judgment that the water decree granted by the water court was void because it was based upon insufficient resume notice. The second claim was for quiet title to a prescriptive access easement for the Davenport Ditch, including ancillary access rights. The third claim was for trespass, the fourth was for theft and interference with a water right, and the fifth claim was for injunctive relief. Brooks

5

filed a motion for summary judgment on the first claim and a motion to dismiss the remaining claims.

¶10    The water court—La Plata County District Court, Water Division No. 7—granted both motions. On the motion for summary judgment, the court held that the resume notice was sufficient to place interested parties on inquiry notice, as required by section 37-92-302(3)(a), C.R.S. (2018), meaning that the decree was valid. As to the motion to dismiss the remaining claims, the water court held that—because the decree was valid—Brooks had the right to use the Davenport Ditch to deliver water to his land, and "[t]hus, [Sheek's] causes of action alleging trespass and seeking an injunction from using the Davenport Ditch are moot." Finally, the water court held that it lacked ancillary jurisdiction over the remaining claims.

¶11    Sheek appealed the order granting the motions, arguing, inter alia, that the water court erred in holding that the resume notice was sufficient, in determining that the trespass and injunctive relief claims were moot, and in dismissing the remaining claims.

## II. Analysis

¶12    We begin by considering whether the resume notice published on October 17, 2008, was sufficient to place Sheek on inquiry notice. We conclude that it was. As a result, all the remaining claims should have been dismissed by the water court for lack of subject-matter jurisdiction.

## A. Sufficiency of Notice

¶13    Colorado law requires that notice of all filed applications for a change in water right be published in a generally circulated newspaper. § 37-92-302(3). This so-called

"resume notice," a substitute for personal service, together with the application itself, vests subject-matter jurisdiction in a water court. *See In re Water Rights of Columbine Ass'n*, 993 P.2d 483, 488–89 (Colo. 2000). Because a published resume notice substitutes for personal service, it "must put interested parties 'to the extent reasonably possible on inquiry notice of the nature, scope, and impact of the proposed diversion.'" *Monaghan Farms, Inc. v. City & Cty. of Denver By & Through Bd. of Water Comm'rs*, 807 P.2d 9, 15 (Colo. 1991) (quoting *Closed Basin Landowners Ass'n v. Rio Grande Water Conservation Dist.*, 734 P.2d 627, 633 (Colo. 1987)).

¶14 The inquiry notice standard is not onerous. To meet the standard, a resume notice must include "sufficient facts to attract the attention of interested persons and prompt a reasonable person to inquire further." *Monaghan Farms*, 807 P.2d at 15; *see also City of Black Hawk v. City of Central*, 97 P.3d 951, 959–61 (Colo. 2004). Thus, a resume notice is defective only if, "taken as a whole[, it] is insufficient to inform or put the reader on inquiry of the nature, scope[,] and impact of the proposed diversion." *Monaghan Farms*, 807 P.2d at 15. We have explained that "[i]n cases where notice was inadequate, the applicants' filings were 'characterized by the complete absence of material information concerning the disputed water rights.'" *City of Black Hawk*, 97 P.3d at 959 (quoting *City of Thornton v. Bijou Irrigation*, 926 P.2d 1, 26 (Colo. 1996)).

¶15 The sufficiency of the resume notice ultimately turns on the facts and circumstances of the particular case. *See Bijou Irrigation*, 926 P.2d at 24. We have previously considered whether misidentification of the exact location of a water right rendered notice of the claimed right insufficient, and we have concluded that it does not.

7

*See Closed Basin*, 734 P.2d at 635 (concluding that a resume notice was sufficient because it notified interested parties of the total appropriation amount and the affected tracts of land, even though it did not specifically identify the location of well sites); *City of Black Hawk*, 97 P.3d at 959–61 (holding that the discrepancy between the location listed in an initial application and the intended site of a dam enlargement was immaterial and thus no amendment or republication of the resume notice was required). Similarly here, given all of the facts and circumstances, the misidentification of the location of the water right in the resume notice did not render the notice deficient.

¶16 Here, the resume notice was sufficient under the inquiry notice standard because it would have alerted Sheek to the nature, scope, and impact of Brooks's proposed change. First, Sheek was apparently the only user of the Davenport Ditch at the time of the published notice. A reasonably interested, sole user of the ditch would be put on inquiry notice by *any* mention of the Davenport Ditch in the resume notice. That is even more true here because the words "Davenport Ditch" appeared in the resume notice five times, once in bold typeface. And, Brooks's resume notice specifically stated that the applicants sought to change "the point of diversion for their Giles Ditch water right to the headgate of the Davenport Ditch." Therefore, Sheek cannot plausibly contend that there was inadequate notice based on the published resume because he "should have anticipated that the disputed rights might be at issue." *Bijou Irrigation*, 926 P.2d at 25.

¶17 Second, even with the error in section and range, the resume notice published on October 17 contained sufficient information to alert an interested party as to the nature, scope, and impact of the change in water right. The nature of the change was clearly

8

stated as a change of point of diversion. The scope was addressed by (1) the resume notice's indication that the location of the property and the headgates of both the Giles Ditch and the Davenport Ditch were shown on a map attached to the application and (2) the repeated, explicit identification of the Davenport Ditch. And, in terms of impact, the resume notice indicated that Brooks intended to change the point of diversion for his previously decreed water right of 0.167 cubic feet per second from the Giles Ditch to the point of diversion for the Davenport Ditch.

¶18 Water Rule 4 generally requires republication of the resume notice when a correction would result in a move of the claimed right to a different quarter section, which this correction did. *See* Co. St. Water Ct. Rule 4(b)(3). However, the water judge "may determine that republication is unnecessary" if it determines that "no person will be injured" by foregoing republication. Rule 4(c). Here, the water court made that determination. And because the inquiry notice standard was met, that determination was reasonable.

¶19 Thus, Brooks's original resume notice was sufficient because it would have placed a reasonably interested party on inquiry notice. As such, the water court did not err in granting summary judgment in favor of Brooks on the claim that the resume notice was deficient.

## B. Remaining Claims

¶20 Once the water court found that the resume notice was sufficient, it should have dismissed the remaining claims for lack of subject-matter jurisdiction because they were not "water matters" within the purview of section 37-92-203, C.R.S. (2018).

9

¶21 Water courts in Colorado have "exclusive jurisdiction of water matters . . . ." *Id.* This grant of subject-matter jurisdiction includes ancillary issues that "directly affect the outcome of water matters within the exclusive jurisdiction of the water court." *Crystal Lakes Water & Sewer Ass'n v. Backlund*, 908 P.2d 534, 543 (Colo. 1996) ("Although the water court has jurisdiction over issues ancillary to water matters, that court does not have jurisdiction over real property issues only tangentially related to a water matter."); *see also FWS Land & Cattle Co. v. Colo. Div. of Wildlife*, 795 P.2d 837, 841 (Colo. 1990) (holding that a water court properly refused to determine "a right to use lands underlying a reservoir [because it] involve[d] real property issues and only tangentially involve[d] water matters").

¶22 Because the resume notice in this case was sufficient and Brooks's change of water right was valid, the water court lacked ancillary jurisdiction over Sheek's remaining claims for relief. Any additional claims deriving from Brooks's point of diversion change, such as trespass or theft, do not directly affect the outcome of the water matter and therefore may be brought only before the district court. *See Crystal Lakes*, 908 P.2d at 543 (holding that water courts have jurisdiction over ancillary matters that "directly affect the outcome of water matters").

¶23 The water court, however, found that the claims of trespass and the request for injunctive relief were moot. Because the water court lacked jurisdiction over those claims, it should not have concluded that they were moot. But because the water court did dismiss all of the claims, we affirm the judgment, albeit on different grounds.

## III. Conclusion

¶24　The published resume notice in this case was sufficient to put Sheek on inquiry notice, and all the remaining claims should thus have been dismissed for lack of subject-matter jurisdiction.  We therefore affirm, on different grounds, the judgment of dismissal.